OPINION
Appellant Margaret Ferrell, the natural mother of Brandon and Elizabeth Goodwin, appeals a judgment of the Licking County Common Pleas Court, Juvenile Division, awarding the Licking County Department of Human Services permanent custody of the two children:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN ITS ENTRY OF DECEMBER 10, 1997, BY FINDING BY CLEAR AND CONVINCING EVIDENCE THAT BRANDON GOODWIN WAS DEPENDENT AND NEGLECTED, AND CANNOT BE PLACED BACK WITH HIS MOTHER WITHIN A REASONABLE TIME.
 II. THE TRIAL COURT ERRED, IN THE MATTER OF BRANDON GOODWIN, BY FAILING TO ISSUE WRITTEN FINDING OF FACT SETTING FORTH ITS DETERMINATION UNDER O.R.C. 2151.419(B), AND FAILING TO DESCRIBE THE RELEVANT SERVICES PROVIDED BY THE AGENCY TO THE FAMILY, AND WHY THOSE SERVICES DID NOT PREVENT THE REMOVAL OF THE CHILD FROM THE HOME, OR ENABLE THE CHILD TO RETURN HOME.
 III. THE TRIAL COURT FAILED TO FILE ITS ORDER WITH REGARD TO ELIZABETH GOODWIN, GRANTING THE MOTION FOR PERMANENT CUSTODY ON ELIZABETH GOODWIN NOT LATER THAN TWO HUNDRED DAYS AFTER THE AGENCY FILED ITS MOTION CONTRARY TO O.R.C. 2151.414(A)(2).
 IV. THE TRIAL COURT ERRED IN ITS ENTRY OF DECEMBER 10, 1997 BY FINDING BY CLEAR AND CONVINCING EVIDENCE THAT ELIZABETH GOODWIN CANNOT BE PLACED WITH THE MOTHER WITHIN A REASONABLE TIME.
At the time of the permanent custody hearing, appellant was seventeen years of age. Brandon was two years, eight months, and Elizabeth was one year, three months. Appellant had a third child, Ashly, who was approximately four months of age.[1]
The father of the children is Wesley Goodwin. Wesley had a history of marijuana and alcohol abuse, as well as prior convictions for assault and domestic violence. He was nineteen years old as of the date of the hearing.
On March 8, 1996, Elizabeth was removed from the care of her parents, and placed in the emergency shelter care custody of the Licking County DHS. The agency filed a complaint alleging that Elizabeth was dependent. The complaint alleged that appellant and Wesley left the State of Ohio in February of 1996, leaving Elizabeth with appellant's parents, with no indication of when they might return. Appellant's parents were unable to care for Elizabeth. The complaint further alleged that appellant was impulsive, immature, of limited intelligence, and lacked parenting skills. The complaint also alleged that Wesley Goodwin had a history of violence and turbulent behavior.
Elizabeth was found to be dependent and placed in the temporary custody of DHS. At that time, the court ordered the parents to comply with the terms of a case plan.
In August of 1996, DHS filed an amended case plan to include new services and goals for appellant and Wesley. The amended case plan focused on attending doctor's appointments and following through with recommendations concerning treatment for Brandon. Brandon had been diagnosed with amblyopia in his right eye, which could lead to blindness if treatment recommendations are ignored.
During this time period, appellant and Wesley's housing remained unstable. They resided with appellant's mother. However, after appellant's father passed away, appellant's mother was evicted from her residence. Appellant, Wesley, and Brandon then moved in with Wesley's parents, where they shared a home with five other individuals.
Brandon was placed in emergency shelter care on September 27, 1996. DHS then filed a complaint alleging that Brandon was dependent or neglected, and seeking temporary custody of Brandon. The complaint alleged that appellant failed to attend half of the scheduled appointments with Brandon's ophthalmologist. The complaint further alleged that she had neglected to follow the prescribed treatment of patching Brandon's good eye three to four hours each day. In addition, the complaint alleged that due to the number of people living in the Goodwin home, appellant and Brandon were sleeping on the floor, while Wesley was sleeping on a couch. The complaint further alleged that Wesley was believed to be abusing marijuana on a daily basis.
Between the filing of the complaint concerning Brandon, and the scheduled adjudicatory hearing, DHS reviewed the parents' progress regarding Elizabeth's case. DHS refiled the complaint, requesting permanent custody of Brandon. DHS further filed a motion requesting permanent custody of Elizabeth.
The case proceeded to a hearing in the Licking County Common Pleas Court, Juvenile Division. The evidence established that appellant had made little or no progress on her case plan. There was evidence from a psychologist that appellant was beginning to demonstrate characteristics of borderline personality disorder. The psychologist further testified that she would not be able to effectively until she was able to effectively cope, and this would not occur under ideal circumstances for six months to one year. There is evidence that appellant had been inconsistent in attending counseling sessions, and she remained immature and unaware of the seriousness of the situation regarding the care for her children. There was evidence that she had extremely poor interaction with the children during visitations, especially with Elizabeth. Both children exhibited developmental delays.
Following the hearing, the court granted permanent custody of Elizabeth and Brandon to DHS.
 I.
Appellant argues that the judgment finding Brandon to be neglected and dependent is against the manifest weight of the evidence. The evidence established that appellant failed to provide Brandon with proper and necessary medical care and treatment for his eye condition. Appellant failed to keep half of the appointments with Brandon's ophthalmologist. Further, she failed to follow through with patching, in order to restore vision to his eye. Brandon demonstrated verbal developmental delays. In addition, appellant and Wesley lived with Wesley's parents. Both of Wesley's parents had criminal convictions for domestic violence. Wesley's father is an alcoholic. Wesley's brother, who lived in the residence, was under felony indictment awaiting trial. Due to the number of individuals living in the Goodwin home, appellant and Brandon did not have their own room, and were required to sleep on the floor. The court's judgment finding Brandon to be dependent and neglected was not against the manifest weight of the evidence.
In addition, appellant argues that the judgment finding that she could not assume care of Brandon within a reasonable time is against the weight of the evidence. This claim is patently without merit. There was evidence that appellant was seventeen years old at the time of the hearing, and did not attend high school, nor did she work full time. Her attendance at counseling was at best sporadic. For a two-month period, she disappeared. She did not meet any of the objectives or goals established by Moundbuilders Guidance Center. There was evidence that she was immature, impulsive, and incapable of providing proper care to the children. She was taking Prozac to treat depression. There was evidence that with constant, structured supervision, and with the assistance of a responsible adult, she might be able to provide marginally acceptable care; however, there is evidence that she had made no effort to learn to meet her needs and those of her children. In addition, there was evidence that during visits, appellant did not follow through with appropriate non-physical discipline, and failed to interact with both children. On one visit, she told Brandon that the case plan was "bullshit." At another visit, she called the social service aide a "bitch" in front of Brandon. There was abundant evidence that appellant was low functioning, did not have a residence or home and did not reside with her parents, had dropped out of school, was immature, put her needs above those of her children, had not bonded with Elizabeth, had lied to the agency and to the court, could not meet either of the children's regular or special needs, and did not complete the nurturing program in order to attempt to learn to be an appropriate parent. The evidence clearly supports the court's finding that appellant would not be able to care for the children within a reasonable time.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court failed to make findings of fact regarding services provided to her by the agency, as required by R.C. 2151.419(B).
Although the court did not make findings concerning services provided by the agency in a separate section of the Opinion, the Opinion includes many findings which discuss the services provided to appellant and to Wesley. The court found that appellant was offered counseling through Moundbuilders. Finding of Fact 6. The court found that appellant was provided visitation with the children in the presence of a social service aide from the agency. Finding of Fact 13. The court found that appellant failed to complete the nurturing program. Finding of Fact 15. The trial court made sufficient findings to comply with the statute requiring that the court make Findings of Fact concerning relevant services provided by the agency to the family, and why the services did not prevent removal from the home. The court made numerous Findings of Fact that despite the offering of such services to appellant, she failed to follow through with counseling and with the nurturing program.
The second Assignment of Error is overruled.
 III.
Appellant argues that in regard to Elizabeth, the order granting the motion for permanent custody was not filed within the 200-day deadline, as required by R.C. 2151.414(A)(2). The statute specifically provides that there is no sanction for failure to comply with the time restraints, and the validity of an order cannot be attacked on this basis.
The third Assignment of Error is overruled.
 IV.
Appellant argues that the judgment finding that Elizabeth could not be placed with her within a reasonable time is against the manifest weight of the evidence, for the same reasons raised in Assignment of Error I. regarding Brandon.
For the reasons in Assignment of Error I. above, the fourth Assignment of Error is overruled.
The judgment of the Licking County Common Pleas Court, Juvenile Division, is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court, Juvenile Division, is affirmed. Costs to appellant.
[1] As to Ashly, the court entered an order of protective supervision, which appellant did not appeal.